EBENEZER BALL *vs.* FREDERICK W. NEWTON.

A party, who promises in writing "to pay the master's, clerk's, messenger's and assignee's fees, respectively," in certain proceedings in insolvency, about to be commenced, which promise is delivered to the clerk at the first meeting of creditors, is not liable to the assignee for his services in the case, if it does not appear that the assignee knew of the promise, until after he had performed the services.

THIS was an action of assumpsit against the administrator of Horace Newton, founded upon the following writing: "Worcester, January 19, 1847. For value received, we jointly and severally promise to pay the master's, clerk's, messenger's and assignee's fees, respectively, in the case of Joseph Battles, an insolvent debtor; provided the same are not otherwise paid within six months. Joseph Battles. Horace Newton." This action was brought to recover the sum of fifty dollars as compensation for the services of the plaintiff as assignee of Joseph Battles.

At the trial in the court of common pleas, before *Merrick,* J., it appeared in evidence that shortly after this paper was signed Battles went into insolvency, and the plaintiff was duly chosen his assignee; that Battles kept this paper in his own possession from the time it was signed until the first meeting of his creditors, when he delivered it to the clerk in the matter of the proceedings in insolvency, who retained it until the close of the proceedings, and then delivered it the plaintiff. The plaintiff also offered to prove that he faithfully discharged his duties as assignee; that his services as such were reasonably worth fifty dollars; that he had received nothing therefor; and that no funds or property had come to his hands out of which he could pay himself. But the presiding judge ruled that, upon the facts in evidence, and those offered to be proved, the plaintiff could not maintain his action. The plaintiff thereupon submitted to a verdict for the defendant, and alleged exceptions to the ruling of the judge.

*S. B. I. Goddard,* for the plaintiff.

*N. Wood,* for the defendant.

FLETCHER, J. The paper, relied upon by the plaintiff, is

not, of itself, a contract; there are no sufficient parties to the paper to make a contract; there is no promisee. If the paper had been shown to the plaintiff, and he had accepted it, and had become assignee and performed the services upon the strength of the paper, that might have formed a contract, upon which the plaintiff might, perhaps, maintain this action. But it does not appear that the plaintiff ever saw or heard of this paper, till after he accepted the office of assignee, and performed all the services of the office, for which he now claims compensation. So that it does not appear that he accepted the paper, or performed any services upon the strength of it, or in reliance upon it, or did any thing whatever to create a good consideration and make a contract between him and the defendant's intestate; and therefore no contract of the defendant's intestate with the plaintiff is shown, upon which the plaintiff can recover. *Exceptions overruled.*